## POPE v. STATE. (6 Div. 38.)

(Court of Appeals of Alabama. Jan. 16, 1923.)

**1. Intoxicating liquors ⬤⟿238(2)—Conflicting evidence as to participation in operation of still held to make question for jury.**

Conflicting evidence as to whether defendant was assisting in the operation of a still, at which he was arrested, *held* to make a question for the determination of the jury.

**2. Criminal law ⬤⟿784(4), 815(9)—Instruction on circumstantial evidence properly refused, as elliptical and otherwise defective.**

An instruction that "the commission of this is based on circumstantial evidence," and that the test of the sufficiency of such evidence was whether the circumstances were capable of an explanation on any reasonable hypothesis consistent with innocence, etc., *held* properly refused, as elliptical and otherwise defective.

**3. Criminal law ⬤⟿561(3)—Instruction as to evidence of good character raising doubt of guilt properly refused.**

An instruction that evidence of defendant's good character might of itself raise a doubt of his guilt was properly refused, as not properly stating the law.

**4. Criminal law ⬤⟿862—Jury may find without evidence that whisky is spirituous liquor.**

Jurors are permitted to find without proof what everybody is presumed to know, as that whisky is an alcoholic or spirituous liquor.

**5. Criminal law ⬤⟿304(20)—Judicial notice taken that whisky is spirituous liquor.**

That whisky is a spirituous liquor is common knowledge, and the courts will take judicial notice of such fact.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Jesse Pope was convicted of a violation of the prohibition laws, and he appeals. Affirmed.

The following charges were requested by defendant and refused by the trial court:

"I charge you gentlemen of the jury, that the commission of this is based upon circumstantial evidence. I further charge you that the test of the sufficiency or circumstantial evidence in the case is whether the circumstances as proven are capable of an explanation upon any reasonable hypothesis consistent with defendant's innocence; and, if you further find from the evidence that the explanation in this case, based upon a reasonable hypothesis, is reasonable and consistent with defendant's innocence, then you should acquit the defendant.·

"The court charges the jury that evidence of defendant's good character may of itself raise a doubt of his guilt."

Benton & Bentley, of Bessemer, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The testimony offered by the state was of positive nature, and the first charge was properly refused. Evidence of good character is not alone sufficient to create a reasonable doubt. 4 Mich. Ala. Dig. 363.

BRICKEN, P. J. The indictment contained two counts, but the court eliminated count 2, and put the defendant to trial upon count 1 only. Any ruling of the court upon count 2 need not therefore be considered.

[1] Count 1 charged the defendant with distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquor or beverages, a part of which was alcohol. It appears from the evidence, without dispute or conflict, that the defendant was arrested by the officers at a still in Jefferson county, and within the time covered by the indictment.

The witnesses for the state each testified that the still was in actual operation at the time, and that whisky was running out of the worm, and that there was a five-gallon glass jug nearly half full of whisky. They also testified that the defendant was assisting in the operation of the still and in the making of the whisky; but this the defendant denies. He admitted his presence at the still, but insisted he in no manner assisted in the making of the whisky or in the operation of the still. He testified that he was hunting for his cow, which was lost, and that he had only been at the still about 20 minutes when the officers made the raid. The raid was made between 8:30 and 9 o'clock at night, as shown by the testimony. A conflict in the testimony was therefore presented, and it became a question for the determination of the jury.

The several exceptions reserved to the rulings of the court upon the testimony are without merit. These rulings have been examined and are free from error.

[2] Two special written charges were refused to defendant. The first of the charges, not numbered or otherwise designated, is. elliptical, that is to say, having a part omitted, and is otherwise defective; there was no error in its refusal.

[3] The other refused charge does not properly state the law, and there was no error in its refusal. 4 Ency. Dig. Ala. Reports (Mich.) p. 363, § 523 (4a).

[4, 5] The motion for new trial, among other things, is based upon the failure of proof by the state to show that whisky is an alcoholic or spirituous liquor. That there is no merit in this insistence is self-evident, for courts are not supposed to be ignorant of what everybody else is presumed to know, and what is thus known juries are permitted to find, without any proof being adduced in its support. And that whisky is a spirituous liquor is within the common knowledge of all men, and the courts will take judicial knowledge of the fact that whisky is a.spirituous liquor.

The motion for new trial was properly overruled. No error appearing in any of the proceedings, the judgment appealed from will be affirmed.

Affirmed.